GAUDIN, Judge.
This is an appeal from a March 29, 1989 judgment of the 24th Judicial District Court which ordered cancellation of a mate-rialman’s lien. The judgment further ordered the lien-filer, Louisiana Builders Services, Inc., to pay $500.00 attorney fees to the homeowners. We affirm.
Following a bench trial, the district judge found (1) that the homeowners, Mr. and Mrs. Edward Williams, had made full payment to the general contractor, Insulated Wall Systems, Inc., (2) that IWS paid Louisiana Builders a check for $24,000.00 which included the amount due Louisiana Builders for the Williams job and (3) that Louisiana Builders, due to bookkeeping and accounting procedures called “inadequate” by the trial judge, failed to give the Williamses credit. The record supports these findings.
Louisiana Builders did various jobs for IWS. When appellant received any payment from IWS, Louisiana Builders would apply the amounts to the oldest invoices. Apparently, some old and past due invoices were marked satisfied when in fact they were still outstanding; and, on the other hand, other invoices or debts remained outstanding on appellant’s books when in fact they had been paid.
*1297 A trial judge’s factual findings are not disturbed on appeal unless manifestly erroneous. Here, Louisiana Builders admits receiving the $24,000.00 payment but appellant denies that there was any accounting relating a portion of the amount received to the Williams job. The trial judge found otherwise.
Louisiana Builders complains about several evidentiary rulings by the trial judge which allowed into evidence documents showing itemization of the $24,000.00 check, particularly “Defendant 2.” These documents were only part of the proof. Even if the trial judge erred in these rulings, and we don’t necessarily say that he did, other evidence and testimony are supportive of the district court decree. Martin Aronovitch, the loan officer at Colonial Mortgage and Loan, which loaned money to the Williamses to pay for work done by appellant, testified that a representative of Louisiana Builders (Steven Lindsoe) was present when the loan was made, along with a representative of IWS, identified as Mr. Rhodes. Mr. Aronovitch, in part, said:
“Mr. Rhodes and Mr. Lindsoe often came to my office to pick up checks together for jobs done by IWS. In this particular case they came, I issued checks on various jobs that were complete, in turn Mr. Rhodes issued a check for twenty-four thousand dollars to pay for various jobs that were financed by Colonial Mortgage and one of those jobs was the jobs for Mr. Williams ...”
“Mr. Lindsoe had come with a list of jobs that were owed and as Mr. Rhodes would write the check, he could check off on the list which jobs are being paid for and at the same time Mr. Rhodes would write those names down on the stub of the check.”
Louisiana Builders’ bookkeeping was, as the trial judge properly notes, lacking in exactness. Before filing a lien against the Williams property, appellant should have made certain that the debt was still due and that the amount allegedly owed had not been included in any lump-sum payment by IWS to Louisiana Builders. This is particularly true inasmuch as Mr. Lind-soe testified that he and Mr. Rhodes had had a “falling out” because Mr. Rhodes was “... collecting jobs and not putting the money in the bank ...”
In any event, this judgment is based on findings of fact supported by evidence and testimony. We cannot say it was clearly wrong.
Louisiana Builders is to bear costs of this appeal.
AFFIRMED.